J-S10044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JAHMEEN RAHEE QUICK :
:
Appellant : No. 2335 EDA 2018

Appeal from the Judgment of Sentence Entered June 25, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0005613-2016

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED APRIL 22, 2019**

Appellant, Jahmeen Rahee Quick, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his guilty plea to fleeing or attempting to elude a police officer and recklessly endangering another person ("REAP").[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On August 15, 2015, police attempted to perform a traffic stop based on Appellant's operation of a motor vehicle.  Rather than pull over, however, Appellant sped away from police, attempting to elude them until he lost control of his vehicle and crashed into a wall.  Appellant ran from the scene of the

---

[1] 75 Pa.C.S.A. § 3733(a) and 18 Pa.C.S.A. § 2705, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

crash but later surrendered to police on August 25, 2015.

On May 24, 2018, Appellant entered a guilty plea to fleeing or attempting to elude a police officer and REAP. The plea agreement called for the sentences to run concurrently, with the minimum overall sentence capped at eleven (11) months. The court deferred sentencing for the completion of a presentence investigation ("PSI") report. After reviewing the PSI, the court sentenced Appellant on June 25, 2018, to an aggregate of eleven (11) months to two (2) years' imprisonment in a state facility, with this sentence and the recommitment sentence on Appellant's parole violations to run consecutively. The court also determined that Appellant was Boot Camp eligible.

On July 5, 2018, Appellant filed a post-sentence motion for reconsideration of sentence, which the court denied on July 11, 2018. Appellant timely filed a notice of appeal on August 1, 2018. On August 3, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied. On January 2, 2019, counsel filed an application to withdraw and a brief in this Court pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the

record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

- 3 -

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Appellant has not responded to the *Anders* brief *pro se* or with newly-retained private counsel. Counsel raises the following issues on Appellant's behalf:

> WHETHER THE [TRIAL] COURT ABUSED ITS SENTENCING DISCRETION BY ORDERING THE TWO SENTENCES TO RUN CONSECUTIVE TO [APPELLANT'S] PROBATION VIOLATION AND ORDERING THAT THE SENTENCE BE SERVED IN A STATE FACILITY?
>
> MAY APPOINTED COUNSEL BE PERMITTED TO WITHDRAW AFTER A CONSCIENTIOUS REVIEW OF THE ISSUES AND THE FACTS PURSUANT TO THE ANDERS CASE?

(**Anders** Brief at 7).

Appellant argues that the sentencing court's imposition of a two year maximum sentence was harsh and manifestly excessive as it required Appellant to be incarcerated in a state facility. Appellant further alleges that the sentencing court abused its discretion by ordering the sentence for his new offenses and the backtime for his parole violation to run consecutively. Appellant also claims the court failed to consider certain mitigating factors, such as Appellant's cooperation in the prosecution, his remorse for his criminal activity, and his rehabilitative needs. Appellant concludes this Court should remand for resentencing. As presented, Appellant's claims challenge the discretionary aspects of his sentence. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); **Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa.

653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).[2]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question

_____

[2] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's plea was "open" as to his maximum sentence, so he can challenge the discretionary aspects of his sentence.

as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the

sentence is within the statutory limits. **Mouzon, supra** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. **Id.** at 435, 812 A.2d at 627. Rather, a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." **Id.** Nevertheless, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545 (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). **See also Commonwealth v. Berry**, 785 A.2d 994 (Pa.Super. 2001) (explaining allegation that sentencing court failed to consider specific mitigating factor generally does not raise substantial question; claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

"Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988).

> A [PSI] report constitutes the record and speaks for itself.
> In order to dispel any lingering doubt as to our intention of

> engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.* at 102, 546 A.2d at 18. *See also Tirado, supra* (explaining if sentencing court has benefit of PSI, law presumes court was aware of relevant information regarding appellant's character and weighed those considerations along with mitigating factors).

Furthermore,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted). *See also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). *Compare Commonwealth v. Dodge*, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009) (holding consecutive, standard range sentences on thirty-seven counts

of **petty theft offenses** for aggregate sentence of 58½ to 124 years' imprisonment constituted virtual life sentence and was so manifestly excessive as to raise substantial question). "Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011). **But see Austin, supra** (holding that challenge to imposition of consecutive sentences, which yields extensive aggregate sentence, does not necessarily present substantial question as to discretionary aspects of sentencing, unless court's exercise of discretion led to sentence that is grossly incongruent with criminal conduct at issue and patently unreasonable). Additionally, Section 6138 of the Prisons and Parole Code requires a new sentence and any backtime for a parole violation to run consecutively. 61 Pa.C.S.A. § 6138(a)(5)(i-iii). In other words, a parolee may not serve a new sentence concurrent with his backtime. **Id.**

Instantly, Appellant's post-sentence motion and Rule 2119(f) statement properly preserve his claims. Nevertheless, Appellant's bald allegation of excessiveness does not warrant our review. **See Mouzon, supra**. Likewise, Appellant's claim the sentencing court failed to consider mitigating factors, such as Appellant's cooperation in the prosecution, his remorse for his criminal activity, and his rehabilitative needs, does not pose a substantial question.

*See Berry, supra*; *Cruz-Centeno, supra*. Moreover, the court had the benefit of a PSI report. Therefore, we can presume the court was aware of the relevant information regarding mitigating circumstances. *See Devers, supra*; *see also Tirado, supra*. Finally, Appellant's complaint regarding the court's imposition of a consecutive sentence also fails to raise a substantial question. *See Austin, supra*. Actually, Pennsylvania law requires the backtime for parole violations and the sentence imposed for new offenses to run consecutively. *See* 61 Pa.C.S.A. § 6138(a)(5)(i-iii). Therefore, the court had no discretion to impose Appellant's new sentence concurrent with his backtime. *See id.* Thus, Appellant is not entitled to relief on these grounds. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. *See Dempster, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19